IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| COANN ELAINE MILLER, | * CHAPTER 13 |
|     Debtor | * |
| | * CASE NO. 1:09-bk-09931MDF |
| COANN ELAINE MILLER, | * |
|     Plaintiff | * |
| | * |
| v. | * ADV. NO. 1:10-ap-00385 |
| | * |
| AMERICREDIT FINANCIAL | * |
| SERVICES, INC., | * |
|     Defendant | * |

## OPINION

In the above-captioned matter, Coann Miller ("Debtor") seeks to invalidate a lien held by Americredit Financial Services ("Americredit"). I previously overruled Debtor's objection to Americredit's proof of claim and informed Debtor that an objection to the validity, priority, or extent of a lien must be commenced through an adversary proceeding as provided in Fed. R. Bankr. P. 7001. In a misdirected effort to avoid repaying Americredit's claim, Debtor has relied on 11 U.S.C. §§ 547(b), 502(b)(1) and 558 as a basis for relief. This Opinion addresses Americredit's motion seeking dismissal of the Complaint.

### I. Procedural History

On January 26, 2010 and on February 2, 2010, Americredit filed proofs of claims in Debtor's case based on its status as the assignee of an installment sales agreement entered into between Sutliff Capital Ford and Debtor.[1] According to documentation attached to Americredit's

---

[1] Proof of claim #7 in the amount of $22,410.61 is based on the total amount due under the installment sales contract on the date of the petition. Proof of claim #10 in the amount of $405.00 is for repossession costs.

proof of claim #7 filed in the within case on January 10, 2010, Debtor purchased a 2003 Chevrolet S10 Pickup from Sutliff Capital Ford on February 27, 2007. On the same date, the contract was assigned to Americredit. A copy of the vehicle title was also attached to the proof of claim listing Americredit as the lien holder.

Debtor filed a bankruptcy petition in 2007 listing Americredit as a secured creditor. Debtor's 2007 petition was dismissed on December 1, 2009. Debtor filed a second Chapter 13 case on December 28, 2009, again listing Americredit as a secured creditor. On July 27, 2010, Debtor filed an objection (the "Objection") to Americredit's proofs of claim asserting that it had no "standing" to file any claim because the assignment from Sutliff Capital Ford was "invalid." Debtor's objection was premised on the position that the assignment was unenforceable because Sutliff Capital Ford was not licensed as an installment seller as required by state law under the Motor Vehicle Sales Finance Act ("MVSFA"), 69 P.S. § 601 et seq. On September 20, 2010, a hearing was held after which I issued an Order overruling the Objection. I found that Debtor had failed to overcome the prima facie validity of Americredit's proofs of claim.[2]

On October 18, 2010, Debtor filed the within Complaint alleging that Debtor was seeking "to recover avoidable transfers" made by Debtor to Americredit. In the Complaint, Debtor asserts that Americredit's lien may be avoided because Sutliff Capital Ford was not a licensed seller under state law and, therefore, the assignment from "Sutliff" to Americredit was invalid. Debtor cites two provisions of the MVSFA in support of its position. The first provision, 69 P.S. § 604, requires that installment sellers of motor vehicles, sales finance companies, and collector-

---

[2]On October 4, 2010, Debtor filed a timely notice of appeal of the September 20 Order. On April 12, 2011, the District Court affirmed this Court's Order. Debtor did not appeal the District Court's Order.

2

repossessors be licensed in order to conduct business in the Commonwealth. The second provision, 69 P.S. 635A, provides that obligations under installment sales contracts by unlicensed sellers are not enforceable.

On April 1, 2011, Americredit filed its motion to dismiss the Complaint (the "Motion"). Attached to the Motion is an affidavit executed on January 12, 2011 by Jamie Robenseifner, Chief, Licensing Division, Bureau of Compliance, Investigation and Licensing, Pennsylvania Department of Banking stating that "Sutliff Capital Ford" was licensed as an installment seller from April 13, 1999 through September 30, 2007. In her response to Americredit's Motion, Debtor asserts that even if Sutliff Capital Ford was properly licensed, the assignment is "unnecessarily vague and conveys nothing."

Despite the requirements of Local Bankruptcy Rule 7002-1 regarding the filing of briefs in support of a motion to dismiss in an adversary proceeding, no briefs were filed by either party in this matter. Nonetheless, for the sake of judicial economy and due to the utter lack of merit in Debtor's Complaint, the matter will be decided on the existing record.[3]

## II. Discussion

*A. Standard for deciding a motion to dismiss under Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), incorporated by reference into Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7012(b), provides for dismissal of a complaint that fails to state a claim on which relief can be granted. By its terms, Rule 12(b)(6) requires a court to treat the allegations of the complaint as true and to construe the

---

[3]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

3

allegations in the light most favorable to the non-moving party.[4] *Kehr Packages, Inc.v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d Cir.), *cert. denied*, 111 S.Ct. 2839 (1991).

"[To] survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. ___, ___, 129 S.Ct. 1937, 1948-49 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Although Fed. R. Civ. P. 8(a)(2), incorporated into the bankruptcy rules by Fed. R. Bankr. P. 7008, only requires that a complaint consist of "a short and plain statement of the claim showing that the pleader is entitled to relief," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). Labels and legal conclusions are not entitled to the presumption of truth otherwise accorded to well-pleaded allegations of a complaint. *Iqbal,* 129 S.Ct. at 1950.

A court deciding a motion to dismiss may consider, in addition to the allegations in the complaint, attached exhibits and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1195 (3d Cir. 1993). Matters of which a court may take judicial notice also may be considered. *Byrne v. Cleveland Clinic*, 2010 WL 481007, at *4 (E.D. Pa. Feb. 5, 2010) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

   B.  *Causes of action under 11 U.S.C. § 547(b)*

"11 U.S.C. § 547(b) requires that in order for a transfer to be subject to avoidance . . . (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent

---

[4] A decision on a Rule 12(b)(6) motion must also draw all reasonable inferences that can be drawn from the complaint in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief as a matter of law. *Kehr Packages*, 926 F.2d at 1420.

4

Case 1:10-ap-00385-MDF    Doc 10    Filed 06/07/11    Entered 06/08/11 14:51:29    Desc
Main Document      Page 4 of 7

debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a Chapter 7 liquidation." *Wells Fargo Home Mortgage, Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010). A plaintiff must establish each of these elements by a preponderance of the evidence. *Id*.

The Complaint before me plainly fails to state a cause of action under § 547(b) for several reasons. First, it appears that the transfer complained of is the assignment of the installment sales agreement by Sutliff Capital Ford to Americredit. This was a transfer of Sutliff Capital Ford's interest in the agreement, not a transfer of Debtor's interest. Therefore, the first prong of the test under § 547(b) is not met. In the alternative, if Debtor is characterizing her purchase of the vehicle from Sutliff Capital Ford as the transfer, no antecedent debt was involved. Debtor was extended credit on the purchase of a new vehicle. Under this second scenario the second prong of the §547(b) test is not met. Further, both transfers – the purchase of the vehicle on credit and the assignment of the installment sales agreement – occurred in April 2007, over two years prior to the commencement of Debtor's bankruptcy case. Therefore, under either theory, the fifth prong of the test is not met.

To the extent that the Complaint invokes §§ 502(b)(1) and 558 as a basis for relief, it must be dismissed in light of the fact that Debtor raised the identical argument in her Objection to Americredit's proof of claim, which was overruled.

The legal argument Debtor is attempting to assert is that the Court should find that the lien is invalid under Fed. R. Bankr. P. 7001(2). This argument is premised on a finding that the originator of the loan, Sutliff Capital Ford, was not a licensed installment seller when it sold the

5

vehicle to Debtor or, even if it was licensed, the assignment to Americredit is invalid. As to Debtor's first argument, Americredit attached to the Motion a certification from the Department of Banking that Sutliff Capital Ford was a licensed installment seller when Debtor purchased her vehicle. Therefore, Americredit has established cause for dismissal of the Complaint based upon this allegation. Debtor's second assertion is that the assignment is ineffective because it is "vague" when it refers to "Sutliff," and not to Sutliff Capital Ford, as the assignor.

As a matter of law, I find Debtor's assertion to be without merit. Americredit has attached to proof of claim #7 both the assignment and the installment sales agreement between Debtor and Sutliff Capital Ford. The assignment states that it is "attached to and expressly made a part of that certain Retail Installment Contract pertaining to the sale and financing of a motor vehicle (the "Contract") more particularly described as follows[:] Date of Contract 2/27/07[,] Seller Sutliff[,] Buyer(s) Coann E. Miller." Although the assignment does not include the full name of the seller, when considered with the attached installment sales contract it is clear that the assignor is Sutliff Capital Ford. As further support for its position, Americredit has attached the certificate of title, which notes that Americredit is the lien holder for the specific vehicle purchased by Debtor from Sutliff Capital Ford.

Debtor has attempted to create ambiguity where there is none. Accordingly, the motion to dismiss will be granted.

6

An appropriate Order will be entered.

**By the Court,**

_Mary D France_
Chief Bankruptcy Judge

Date: June 7, 2011

7